1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   LEROY SMITH,                                    1:07-CV-01666 AWI DLB HC

10                          Petitioner,             FINDINGS AND RECOMMENDATION
                                                    REGARDING PETITION FOR WRIT OF
11          v.                                      HABEAS CORPUS

12                                                  [Doc. 1]
     JAMES YATES,
13
                             Respondent.
14   _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          Petitioner filed the instant petition for writ of habeas corpus on November 19, 2007.

19   (Court Doc. 1.)  Petitioner contends that he was denied the right to file an administrative appeal,

20   his appeal was never untimely or incomplete, his appeal was partially granted, and prison

     officials failed to follow administrative procedures.  (Petition, at 5-6.)
21
                                         DISCUSSION
22
            Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
23
     review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
24
     plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
25
     4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
26
     (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
27
     petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
28

                                                    1

1   2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality

2   or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,

3   Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

4   Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

5   1983 is the proper method for a prisoner to challenge the conditions of that confinement.

6   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

7   574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

8        In this case, Petitioner is challenging the conditions of his confinement, not the fact or

9   duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this

10  petition must be dismissed.

11  RECOMMENDATION

12       Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

13  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas

14  corpus relief.

15       This Findings and Recommendation is submitted to the assigned United States District

16  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

17  the Local Rules of Practice for the United States District Court, Eastern District of California.

18  Within thirty (30) days after being served with a copy, any party may file written objections with

19  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

21  and filed within ten (10) court days (plus three days if served by mail) after service of the

22  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

23  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

24  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

25  Cir. 1991).

26       IT IS SO ORDERED.

27  **Dated:**   __December 18, 2007__          _____ **/s/ Dennis L. Beck** _____
    UNITED STATES MAGISTRATE JUDGE

28